IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNA WILBERG,

        Plaintiff,                           No. CIV S-07-0591 DAD

    v.

MICHAEL J. ASTRUE,               ORDER
Commissioner of Social Security,

        Defendant.
_____/

        This matter is before the court on plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. No. 23.) Plaintiff's counsel served a copy of counsel's fee motion on plaintiff, who has not filed any objection thereto. In keeping with a role resembling that of a trustee for the claimant, the Commissioner has filed a response to plaintiff's motion. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002). Plaintiff's counsel has not filed a reply to the Commissioner's response.

        Plaintiff brought this action seeking judicial review of a final administrative decision denying in part her claim for disability benefits under the Social Security Act. By order filed April 29, 2009, the undersigned found that the Commissioner erred in finding plaintiff not disabled prior to March 28, 2002. (Doc. No. 15 at 24.) Plaintiff's motion for judgment on the pleadings was granted, defendant's cross-motion for summary judgment was denied, the decision

1

of the Commissioner was reversed, and the case was remanded with the direction to award plaintiff disability benefits for the period from October 7, 1998 to March 28, 2002. (Id. at 25.)

The parties previously stipulated to and the court approved an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $4,500.00. (Doc. No. 22.) Plaintiff now seeks attorney fees in the amount of $12,070.36. (Doc. No. 23.) In a supporting declaration, plaintiff's counsel states that, on remand, plaintiff's back benefits were calculated to be $23,941.00, with the amount of $5,586.75 withheld for attorney fees, and that the back benefits for plaintiff's dependent were calculated to be $9,194.00, with the amount of $2,298.50 withheld for attorney fees. (Doc. No. 24 at 3, Exs. 3 & 4.) Plaintiff's counsel asserts that the total amount of back benefits awarded to plaintiff was $33,135.00, with $7,885.25 withheld for attorney fees.[1] (Id.)

The documents provided by plaintiff's counsel in support of the motion, however, do not state the amounts of back benefits calculated by the Social Security Administration but instead merely indicate that "[w]e usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee." (Id., Ex. 3 at 1 & Ex. 4 at 1.) Assuming the sum of $7,885.25 ($5,586.75 for plaintiff and $2,298.50 for plaintiff's dependent) constitutes 25 percent of the past due benefits awarded to plaintiff and her dependent, then the total of the past due benefits would have to be $31,541 (25% of $31,541 equals $7,885.25) rather than $33,135.00, the figure asserted by plaintiff's counsel. In the absence of any evidence in support of counsel's statement that the $33,135.00 figure is the actual amount awarded, the court finds that the total amount of past due benefits awarded on remand was $31,541.00.

Plaintiff's counsel also seeks a fee award in an amount that exceeds the $7,885.25 withheld by the Social Security Administration from the back benefits awarded to plaintiff and her dependent on remand. In this regard, counsel argues that he expended a total of 53.8 hours

---

[1] Adding the $5,586.75 withheld from plaintiff's award for attorney's fees and the $2,298.50 withheld from plaintiff's dependent's award for attorney's fees equals $7,885.25.

on this case at the administrative and judicial levels, for which he seeks attorney fees at his normal hourly rates of $160 per hour for 2001 (4.8 hours at the administrative level), $225 per hour for 2002 through 2008 (21.5 hours at the administrative level and 27.1 hours at the judicial level), and $325 per hour for 2009 (.4 hours at the judicial level). Based on these hours and hourly rates, plaintiff requests a fee award of $11,705.00 for attorney fees plus $365.36 for costs consisting of the filing fee and postage, for a total fee award of $12,070.36. (Id. at 3-4, Exs. 5& 6.) The court will not grant fees in the amount requested.

Plaintiff's counsel is advised that this court may not award counsel any attorney fees for time spent on this case at the administrative level. Compare 42 U.S.C. § 406(b) with 42 U.S.C. § 406(a). Moreover, under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. In this regard:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although a section 406(b) attorney fee award is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989). The goal of fee awards under § 406(b) is to provide adequate incentive for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

/////

1    The 25% statutory maximum fee is not an automatic entitlement, and the court
2 must ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09 ("[Section]
3 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)
4 instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25
5 percent boundary . . . the attorney for the successful claimant must show that the fee sought is
6 reasonable for the services rendered." Id. at 807. See also Crawford, 586 F.3d at 1148 (holding
7 that § 406(b) "does not specify how courts should determine whether a requested fee is
8 reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits
9 awarded").

10    In general, "a district court charged with determining a reasonable fee award
11 under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'
12 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford,
13 586 F.3d at 1148 (quoting Gisbrecht, 535 U.S. at 793 & 808). The Supreme Court has identified
14 factors that may be considered in determining whether a fee award under a contingent-fee
15 arrangement is unreasonable and therefore subject to reduction by the court: (1) the character of
16 the representation; (2) the results achieved by the representative; (3) whether the attorney
17 engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4)
18 whether the benefits are large in comparison to the amount of time counsel spent on the case; and
19 (5) the attorney's record of hours worked and counsel's regular hourly billing charge for
20 noncontingent cases. Id. (citing Gisbrecht, 535 U.S. at 807-08).

21    Here, the fee agreement between plaintiff and her attorney provides for a fee
22 consisting of the lesser of $4,000.00 or 25% of the retroactive Social Security benefits paid,
23 unless a favorable decision is issued as a result of a court remand, in which case plaintiff may
24 submit a fee petition for the larger amount. (Doc. No. 24 at 2 & Ex. 1.)

25    The court has considered the character of counsel's representation of plaintiff and
26 the results achieved by counsel. The court has reviewed the arguments advanced by counsel in

4

support of plaintiff's motion for summary judgment and notes that those arguments were both persuasive and dispositive. Based on the quality of counsel's representation and the successful results achieved, the court finds that the 27.5 hours allegedly expended by counsel in connection with judicial proceedings are reasonable. Nothing in the record before the court suggests overreaching on counsel's part in any respect. Counsel assumed the risk of non-payment inherent in a contingency agreement and did not engage in any conduct that contributed to a delay in the proceedings.

However, the court will disregard counsel's request for attorney fees in excess of the 25% limitation and finds that the sum of $7,885.25 ($5,586.75 for plaintiff and $2,298.50 for plaintiff's dependent), which constitutes 25 percent of plaintiff's and her dependent's past due benefits, is a reasonable award of attorney fees and costs. The attorney's record of the hours worked at the judicial level, his regular hourly billing charge at the relevant times, and the effective hourly rate of $286.74 for 27.5 hours all demonstrate that 25% of the back benefits results in a reasonable award of attorney fees. See Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding § 406(b) attorney fees of $10,031.56, which represented an hourly rate of $550 per hour for attorney time); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) (awarding § 406(b) attorney fees of $25,132.50 for more than 55 hours of court-related work, which represented an hourly rate of $450); Hembree v. Astrue, No. ED CV 06-497-PLA, 2009 WL 510310, at *1 & 3-4 (C.D. Cal. Feb. 27, 2009) (assembling cases and awarding § 406(b) attorney fees of $3,928.75 for 11.5 hours of court-related work, which represented an hourly rate of $341.63).

For all of these reasons, the court concludes that a fee of $7,885.25 for attorney fees and costs pursuant to § 406(b) is reasonable and that an award in this amount would not represent a windfall to counsel. Accordingly, plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) will be granted in that amount.

/////

"A district court may award fees under both the EAJA and 42 U.S.C. § 406(b), 'but the claimant's attorney must refund to the claimant the amount of the smaller fee.'" Crawford, 586 F.3d 1142, 1144 n.3 (quoting Gisbrecht, 535 U.S. at 796). Thus, the fee awarded to plaintiff pursuant to § 406(b) must be reduced by the amount of attorney fees already paid by the government under the EAJA.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for attorney fees (Doc. No. 24) is granted;

2. Counsel for plaintiff is awarded $7,885.25 in attorney fees and costs pursuant to 42 U.S.C. § 406(b), to be paid out of the sums withheld by the Commissioner from plaintiff's benefits; and

3. Upon receipt of the $7,885.25 for attorney fees and costs pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $4,500.00 previously paid by the government under the EAJA.

DATED: November 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/wilberg0591.attyfees.406b